**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-50504**
**Summary Calendar**

_____

**JESUS ALBERTO CABAL,**

**Plaintiff-Appellant,**

**versus**

**STATE OF TEXAS,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(SA-02-CV-255)**

_____

October 10, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jesus Alberto Cabal appeals from the district court's dismissal of his action seeking declaratory and injunctive relief while challenging the constitutionality of TEX. PENAL CODE § 22.021. Cabal alleged he was indicted under the statute for aggravated sexual assault of a child. Because those Texas criminal proceedings were still pending, the district court determined it should abstain from hearing the case, pursuant to *Younger v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Harris*, 401 U.S. 37 (1971).  Cabal contends this federal action falls within the bad-faith exception to the *Younger* doctrine because the state prosecution is part of a conspiracy against him by federal and state officials.

The district court did not abuse its discretion in abstaining. *See* ***Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.***, 283 F.3d 650, 652 (5th Cir. 2002)(decision to abstain is reviewed for abuse of discretion, but whether elements of particular abstention doctrine are met is reviewed *de novo*).  Cabal has not shown that the state prosecution was undertaken in bad faith or with an intent to harass him.  *See* ***Younger***, 401 U.S. at 56; ***Perez v. Ledesma***, 401 U.S. 82, 85 (1971).

**AFFIRMED**

2